IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT W. MALCOLM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-454-SLR |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

Albert W. Malcolm, New Castle, Delaware. Pro Se Plaintiff.

David C. Weiss, Esquire, United States Attorney for the District of Delaware and Dina White Griffin, Esquire, Special Assistant United States Attorney, of the Social Security Administration, Philadelphia, Pennsylvania. Counsel for Defendant. Of Counsel: Eric P. Kressman, Esquire of the Social Security Administration, Philadelphia, Pennsylvania.

**MEMORANDUM OPINION**

Dated: August 26, 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Albert W. Malcolm ("plaintiff"), who proceeds pro and has been granted leave to proceed in forma pauperis, seeks judicial review of a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). Presently before the court is a motion to dismiss filed by defendant Michael J. Astrue ("defendant"), Commissioner of Social Security Administration. (D.I. 11) Plaintiff did not respond to the motion.

## II. BACKGROUND

On June 22, 2009, plaintiff filed this action seeking review of an adverse decision by defendant pursuant to 42 U.S.C. § 405(g). (D.I. 2) The complaint states that the adverse decision has become final and that plaintiff has exhausted his administrative remedies. It also states "claim for discrimination." Under the cause of action section in the civil cover sheet plaintiff states, "refusal to settle claim for Social Security. put claim in 1993 still have not made a decision."

Plaintiff filed an application for Social Security disability benefits in 1999. The case proceeded through the administrative process and this court has twice remanded the matter to the Appeals Council. (D.I. 12, ex. 1) On January 31, 2008, the administrative law judge issued a decision denying plaintiff benefits. On February 26, 2008, plaintiff filed exceptions to the January 31, 2008 decision. (*Id.* at Ortiz declaration ¶ 5(d)) The Appeals Council had not issued a decision as of the date that defendant filed the pending motion. Defendant moves for dismissal for want of jurisdiction.

## III. STANDARD OF REVIEW

When a party files a motion to dismiss attacking subject matter jurisdiction, the court must first determine if the motion is a factual attack or a facial attack. *CNA v.*

*United States*, 535 F.3d 132, 139 (3d Cir. 2008) Defendant's motion is a factual attack inasmuch as it concerns "the actual failure of [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). When a motion to dismiss for lack of subject matter jurisdiction attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations and the court may evaluate for itself the merits of jurisdictional claims. *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); see Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of showing that jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

Exclusive jurisdiction over Social Security benefits cases arises from 42 U.S.C. § 405(g), which provides, in relevant part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[,] . . . may obtain a review of such decision by a civil action . . . ." As a general rule, judicial review is barred absent a "final decision" by the Commissioner of Social Security. *Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998). Under the regulations, a "final decision" is one rendered after a claimant has completed the four-step administrative review process, the last step being a review by the Appeals Council.[1] 20 C.F.R. § 404.900(a); *Callender v. Social Sec. Admin.*, 275 F. App'x 174, 175 (3d Cir. 2008) (not

---

[1] Exhaustion of administrative remedies requires a claimant to: (1) present a claim and receive an initial determination and, if dissatisfied; (2) request reconsideration of the initial determination and, if dissatisfied; (3) request a hearing before an administrative law judge and, if dissatisfied with the decision of the administrative law judge; (4) request review by the Appeals Council. 20 C.F.R. § 404.900(a).

published). A claimant's failure to exhaust all administrative remedies before filing an appeal deprives the court of subject matter jurisdiction. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). An exception to the "final decision" rule applies when a claimant presents a constitutional claim or a claim that is wholly collateral to the claim for benefits. *See Califano v. Sanders*, 430 U.S. 99, 108-09 (1977).

## IV. DISCUSSION

Defendant argues that plaintiff has not exhausted his administrative remedies. There has been no final decision after a hearing and, therefore, the court does not have subject matter jurisdiction.

Initially, the court notes that the complaint refers to a discrimination claim which may imply a constitutional claim. However, there is no explanation of this possible claim. In reviewing the record, the court finds that the complaint does not present a constitutional claim or a wholly collateral claim. Rather, it is clear from the civil docket sheet that plaintiff is unhappy he has not received a decision from the Appeals Council. Regardless of his displeasure, the facts are that his challenge to the denial of Social Security benefits has not been administratively exhausted and, therefore, his complaint is not properly before the court. Finally, it is plaintiff's ultimate burden to establish subject matter jurisdiction, yet he did not oppose the motion or present any proof to support a finding of subject matter jurisdiction by this court. Therefore, the court will grant the motion to dismiss.

## V. CONCLUSION

For the reasons discussed above, the court will grant defendant's motion to dismiss. An appropriate order will be entered.